# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JAMES EDMONDS,** | : |
| **Plaintiff** | : |
| v. | : 5:07-CV-43 (WDO) |
| **MICHAEL THURMAN, Commissioner of the Georgia Department of Labor, et al.,** | : |
| **Defendants** | : |

## ORDER

Plaintiff James Edmonds filed this *pro se* complaint against the Georgia Department of Labor and several DOL employees but failed to pay the appropriate filing fee and failed to file a motion to proceed *in forma pauperis*, that is, without payment of the filing fee. The Court will therefore look to his complaint to determine whether Edmonds would be eligible to proceed *in forma pauperis*.

Title 28 U.S.C. § 1915(e)(2) authorizes the Court to dismiss an *in forma pauperis* complaint if it determines that the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must

1

dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984))

In his complaint, Plaintiff appears to be asserting a claim against the Georgia Department of Labor for "discriminating against white males." However, Plaintiff Edmonds failed to show *how* the GA DOL allegedly discriminates against anyone. Federal courts are courts of limited jurisdiction and therefore are limited to what types of cases they may hear. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The presumption is that a federal court lacks jurisdiction. Id. Therefore, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id. To exercise subject matter jurisdiction over an action, this Court must find that the action either involves a federal question or involves citizens from different states and an amount in controversy in excess of $75,000. 28 U.S.C. §§ 1331, 1332. If it appears the Court lacks subject matter jurisdiction, the Court is required to dismiss the action.

Plaintiff Edmonds failed to set forth any facts upon which federal jurisdiction could be based. Although he alleges racial and gender discrimination, Plaintiff's failed to present factual or legal arguments that would constitute a federal question. In light of the foregoing, the instant action is hereby **DISMISSED** without prejudice. If Plaintiff Edmonds wishes to assert his claims in a new complaint that sets forth adequate jurisdictional and statutory

grounds for a discrimination complaint, he may do so. Plaintiff must pay the filing fee for any new complaint or file a motion to proceed *in forma pauperis*. The motion to proceed IFP must be filed with his new complaint, if he chooses to file one.

**SO ORDERED this 6th day of February, 2007.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**